1  T. James Truman, Esq.
   Nevada Bar No. 003620
2  Stephen M. Dixon, Esq.
   Nevada Bar No. 010025
3  T. JAMES TRUMAN & ASSOCIATES
   3654 North Rancho Drive
4  Las Vegas, Nevada 89130
   Telephone: (702) 256-0156
5  Attorneys for Defendants Walldesign Incorporated,
   Michael Bello, Colonial Properties Trust,
6  Colonial Commercial Contracting, LLC, and
   Colonial Properties Services
7
                       **UNITED STATES DISTRICT COURT**
8
                            **DISTRICT OF NEVADA**
9
   MIGUEL   TORRALBA,   ROSARIO          Case No.
10 MARROQUIM, CESAR ROSAS, JUAN FARIAS,
   OSCAR ROJAS RAMIREZ, ANGEL FARIAS,
11 VICTOR URIBE, ISIDRO FLORES, JACOBO
   MARQUEZ, RICARDO FLORES,   TEOFILO
12 PEREZ, JOSE LUIS SANTIAGO MARTINEZ
   FELIX PEREZ MANUEL, ROSA RODRIGUEZ,
13 MARIA  GUADALUPE  URIBE, ROBERTO
   CRUZ, ISRAEL CRUZ, MARCEL EPIFANIO ,
14 ORLANDO RAMIREZ, ESTEBAN MIRANDA,
   MANUEL  MUNOS, FRANCISCO VARGAS;
15 LUIS  VARGAS,  ROBERTA  BARBOSA,
   MARTIN   PEREZ,  GREGORIO  CAMPOS,
16 RAMON   ENRIQUEZ,  ESTHER  PEREZ,
   SERVANDO MORENO, and ELEASAR TREJO
17 individually and on behalf of other persons similarly
   situated,
18
                             Plaintiffs,
19
   vs.
20
   WALLDESIGN,  INC.;  MICHAEL  BELLO;
21 PICERNE CONSTRUCTION CORP.; OVATION
   DEVELOPMENT CORPORATION; COLONIAL
22 PROPERTIES   TRUST;   COLONIAL
   COMMERCIAL  CONTRACTING,  LLC;
23 COLONIAL   PROPERTIES   SERVICES;
   FAIRFIELD  DEVELOPMENT  LIMITED
24 PARTNERSHIP; FANTASY CONSTRUCTION,
   INC. and DOES 1-10 inclusive,
25
                             Defendants.
26 _____/

27 **PETITION FOR REMOVAL FROM THE EIGHTH JUDICIAL DISTRICT COURT OF
   NEVADA TO THE UNITED STATES DISTRICT COURT,**
28 **FOR THE DISTRICT OF NEVADA**

LAW OFFICES
T. JAMES TRUMAN & ASSOCIATES
A PROFESSIONAL CORPORATION
3654 NORTH RANCHO DRIVE
LAS VEGAS, NEVADA 89128
www.trumanlegal.com

COME NOW WALLDESIGN INCORPORATED (incorrectly named as WALLDESIGN, INC.) ("Walldesign"), MICHAEL BELLO ("Bello"), COLONIAL PROPERTIES TRUST ("Colonial Properties"), COLONIAL COMMERCIAL CONTRACTING, LLC ("Colonial Commercial") and COLONIAL PROPERTIES SERVICES ("Colonial Services")(hereinafter collectively referred to as Walldesign Defendants") by and through their counsel of record, the law firm of T. James Truman & Associates, and submit this Notice of Removal to the United States District Court for the District of Nevada.

PLEASE TAKE NOTICE that the Walldesign Defendants hereby remove the state action entitled **Miguel Torralba, et al. v. Walldesign, Inc., et al.**, Case No. A-09-598359-C filed in the Eighth Judicial District Court for the State of Nevada in and for the County of Clark, to this Court. The grounds for removal are as follows:

1.     Removal is appropriate in this case pursuant to 28 USC § 1453 that class actions may be removed to a United States District Court and 28 USC § 1441(a), in that this Court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Furthermore, this Court has original jurisdiction on the basis of Diversity of Citizenship pursuant to 28 USC § 1332(a)(1) and (d)(1)(A), pursuant to the claims set forth in Plaintiffs' Complaint, Plaintiffs bring the Complaint on behalf of themselves and on behalf of other similarly-situated employees, the matters in controversy allegedly exceed $75,000.00 based on Plaintiffs' alleged damages, exclusive of interests and costs, and complete diversity exists between Plaintiffs an Defendant Bello as follows:

a.     Upon information and belief, Plaintiffs are residents of the State of Nevada;

b.     Defendant Walldesign is a California corporation;

c.     Defendant Bello is a resident of the State of California;

d.     Defendant Colonial Properties is an Alabama entity;

e.     Defendant Colonial Commercial is a Delaware corporation; and

f.     Defendant Colonial Services is an Alabama corporation.

2.     Removal is also appropriate in this case pursuant to pursuant to the claims set forth in Plaintiffs' Complaint, regarding the Defendants' alleged violations of Section 216(b) of the Fair

LAW OFFICES
T. JAMES TRUMAN & ASSOCIATES
A PROFESSIONAL CORPORATION
3654 NORTH RANCHO DRIVE
LAS VEGAS, NEVADA 89128
www.trumanlegal.com

Labor Standards Act, 29 USC § 201 *et seq.*, Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 USC §§ 1960-68, and alleged Mail, Wire and Bank Fraud and Money Laundering pursuant to 18 USC §§ 1341, 1343, 1344 and 1356.

3. Defendants were served with a copy of the Complaint as follows:

a. Colonial Commercial, September 2, 2009; and

e. Colonial Services, September 2, 2009.

Walldesign Defendants are not able to give the exact date of service for Walldesign, Bello or Colonial Properties; however, it is believed that none of said defendants were served prior to September 2, 2009. This Petition is therefore timely filed within thirty (30) days of service, as required by 28 USC § 1446(b).

4. Pursuant to 28 USC § 1446(a), Walldesign Defendants provide this Court with copies of the following documents:

a. The Summons and Compliant, attached hereto collectively as **Exhibit "A;"**

b. Notice of Removal of Action to the United States District Court District of Nevada attached hereto as **Exhibit "B;"**

5. A copy of this Petition is being filed concurrently with the Clerk of the Eighth Judicial District Court, Clark County, Nevada and served on Plaintiffs' counsel.

DATED this 2 3 day of September, 2009.

T. JAMES TRUMAN & ASSOCIATES

By
T. JAMES TRUMAN, ESQ.
Nevada Bar No. 003620
STEPHEN M. DIXON, ESQ.
Nevada Bar No. 10025
3654 North Rancho Drive
Las Vegas, NV 89130
Attorneys for Defendants Walldesign Incorporated, Michael Bello, Colonial Properties Trust, Colonial Commercial Contracting, LLC, and Colonial Properties Services

LAW OFFICES
T. JAMES TRUMAN & ASSOCIATES
A PROFESSIONAL CORPORATION
3654 NORTH RANCHO DRIVE
LAS VEGAS, NEVADA 89128
www.trumanlegal.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
T. JAMES TRUMAN & ASSOCIATES
A PROFESSIONAL CORPORATION
3654 NORTH RANCHO DRIVE
LAS VEGAS, NEVADA 89128
www.trumanlegal.com

**CERTIFICATE OF MAILING**

I hereby certify that I am an employee of T. JAMES TRUMAN & ASSOCIATES, A PROFESSIONAL CORPORATION, and that on the 23rd day of September, 2009, I placed a true and correct copy of **PETITION FOR REMOVAL FROM THE EIGHTH JUDICIAL DISTRICT COURT OF NEVADA TO THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF NEVADA** in the United States mails at Las Vegas, Nevada, with 1st class postage prepaid and addressed as follows:

Andrew J. Kahn, Esq.
Mccracken, Stemerman & Holsberry
1630 S. Commerce Street, Suite A-1
Las Vegas, Nevada 89102

Rachel Wilson, Esq.
177 N. Church Ave., Suite 200
Tucson, AZ 85701

An employee of T. James Truman & Associates

4

# EXHIBIT "A"

2:45
9-2-09

**SUMM**
Andrew J. Kahn, SBN 3751
McCracken, Stemerman & Holsberry
1630 S. Commerce St., Suite A-1
Las Vegas, Nevada 89102
Telephone: (702) 386-5107
Fax:        (702) 386-9848
Attorneys for Plaintiffs

DISTRICT COURT

CLARK COUNTY, NEVADA

|  |  |
|---|---|
| MIGUEL TORRALBA, ROSARIO MARROQUIN, CESAR ROSAS RAMIREZ, JUAN FARIAS, OSCAR ROJAS RAMIREZ, ANGEL FARIAS, VICTOR URIBE, ISIDRO FLORES, JACOBO MARQUEZ, RICARDO FLORES, TEOFILO PEREZ, JOSE LUIS SANTIAGO MARTINEZ, FELIX PEREZ MANUEL, ROSA RODRIGUEZ, MARIA GUADALUPE URIBE, ROBERTO CRUZ, ISRAEL CRUZ, MARCELO EPIFANIO, ORLANDO RAMIREZ, ESTEBAN MIRANDA, MANUEL MUNOS, FRANCISCO VARGAS, LUIS VARGAS, ROBERTA BARBOSA, MARTIN PEREZ, GREGORIO CAMPOS, RAMON ENRIQUEZ, ESTHER PEREZ, SERVANDO MORENO, and ELEASAR TREJO individually and on behalf of other persons similarly situated,<br><br>                    Plaintiffs,<br><br>              -vs-<br><br>WALLDESIGN, INC.; MICHAEL BELLO; PICERNE CONSTRUCTION CORP.; OVATION DEVELOPMENT CORPORATION; COLONIAL PROPERTIES TRUST; COLONIAL COMMERCIAL CONTRACTING, LLC; COLONIAL PROPERTIES SERVICES; FAIRFIELD DEVELOPMENT LIMITED PARTNERSHIP; FANTASY CONSTRUCTION, INC. and DOES 1-10 inclusive.<br><br>                    Defendants. | CASE NO. *A-09-598359-C*<br><br>DEPT. NO.    *XVI* |

**SUMMONS - CIVIL**

1                          walldesignsummons.doc/8/31/2009

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.  The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

*Andrew J. Kahn*

Andrew J. Kahn
McCracken, Stemerman & Holsberry
1630 S. Commerce St., Suite A-1
Las Vegas, Nevada 89102
Telephone: (702) 386-5107
Fax:        (702) 386-9848
Attorneys for Plaintiffs

STEVEN D. GRIERSON
CLERK OF COURT                    MARY ANDERSON

By: _____       SEP 1 2009

    Deputy Clerk            Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

**NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure 4(b).**      walldesignsummons.doc/8/31/2009

**AFFIDAVIT OF SERVICE**

STATE OF         )
                      )   ss:
COUNTY OF     )
                    )

_____, being duly sworn, says: That at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____ on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

**(Affiant must complete the appropriate paragraph)**

1.    Delivering and leaving a copy with the Defendant _____ at (state address) _____

2.    Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at (state address) _____

      **[Use paragraph 3 for service upon agent, completing (a) or (b)]**

3.    Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____

   (a)    With _____ as _____, an agent lawfully designated by statute to accept service of process;

   (b)    With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.    Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):
          ☐ Ordinary mail
          ☐ Certified mail, return receipt requested .
          ☐ Registered mail, return receipt requested

addressed to the Defendant _____ at Defendant's last known address which is

(state address) _____.

I declare under penalty of perjury under the law of the State of Nevada that the

foregoing is true and correct.

EXECUTED this _____ day of _____, 20_____.

_____

Signature of person making service

walldesignsummons.doc/8/31/2009

## ORIGINAL

12

**AFFT**
Richard G. McCracken, SBN 2748
Andrew J. Kahn, SBN 3751
McCRACKEN, STEMERMAN & HOLSBERRY
1630 S. Commerce St., Ste. A-1
Las Vegas, NV 89102
Telephone: 702-386-5107
Fax:         701-386-9848

FILED

SEP 9  4 13 PM '09

CLERK OF THE COURT

### DISTRICT COURT

### CLARK COUNTY, NEVADA

A-09-598359-C
383146

MIGUEL TORRALBA, et al

                          Plaintiff(s),

              -vs-

WALLDESIGN, INC., et al

                          Defendant(s).

CASE NO.  A-09-598359-C

DEPT. NO.  XVI

**AFFIDAVIT OF SERVICE ON COLONIAL COMMERCIAL CONTRACTING, LLC**

RECEIVED

SEP - 9 2009

CLERK OF THE COURT

# AFFIDAVIT

## DISTRICT COURT, CLARK COUNTY, NEVADA

MIGUEL TORRALBA

Plaintiff,

Case No.: A-09-598359-C

vs.

WALLDESIGN, INC.

Defendant

Dept. No.:XVI

MATTHEW BAKER, being first duly sworn, deposes and says:  That affiant is a citizen of the United States, over 18 years of age, an employee of Reno/Carson Messenger Service, Inc. #322 and not a party to, nor interested in the within action.  Affiant received the documents on the 2nd day of September, 2009.

On 2nd day of September, 2009, at 2:45PM affiant personally served a copy of the:
SUMMONS-CIVIL; COMPLAINT: CLASS ACTION AND COLLECTIVE ACTION;

On **FAYE MARTIN**, pursuant to NRS 14.020 as a person of suitable age and discretion, of the office of THE CORPORATION TRUST COMPANY OF NEVADA, resident agent for **COLONIAL COMMERCIAL CONTRACTING, LLC**, at the address of:
**6100  NEIL RD #500,**
**RENO, NV 89511**

Affiant does hereby affirm under penalty of perjury that the assertions of this affidavit are true.

**MATTHEW BAKER**

SIGNED and SWORN to before me on
3rd day of September, 2009 by MATTHEW BAKER.

NOTARY PUBLIC
NCC1 283035



STEPHANIE MARTELL
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 05-97425-2 - Expires June 9, 2013

ORIGINAL

FILED

SEP 9   4 14 PH '09



CLERK OF THE COURT

1  **AFFT**
   Richard G. McCracken, SBN 2748
2  Andrew J. Kahn, SBN 3751
3  McCRACKEN, STEMERMAN & HOLSBERRY
   1630 S. Commerce St., Ste. A-1
4  Las Vegas, NV 89102
   Telephone: 702-386-5107
5  Fax:      701-386-9848

6                    DISTRICT COURT          A-09-598359-C
7                                            383145
                CLARK COUNTY, NEVADA
8

9  MIGUEL TORRALBA, et al

10
                    Plaintiff(s),        CASE NO.  A-09-598359-C
11
12         -vs-                          DEPT. NO.  XVI

13 WALLDESIGN, INC., et al

14                  Defendant(s).

15

16      **AFFIDAVIT OF SERVICE ON COLONIAL PROPERTIES SERVICES**

17
18
19
20
21
22
23
24
25
26
27                              **RECEIVED**
28                              SEP - 9 2009
                                CLERK OF THE COURT

# AFFIDAVIT

## DISTRICT COURT, CLARK COUNTY, NEVADA

1

2

3  MIGUEL TORRALBA

                    Plaintiff,    Case No.: A-09-598359-C

4  vs.

5  WALLDESIGN, INC.

                  Defendant    Dept. No.:XVI

6

7

8        MATTHEW BAKER, being first duly sworn, deposes and says:  That affiant is a citizen of the United States, over 18 years of age, an employee of Reno/Carson Messenger Service, Inc.

9  #322 and not a party to, nor interested in the within action.  Affiant received the documents on the 2nd day of September, 2009.

10

11  On 2nd day of September, 2009, at 2:45PM affiant personally served a copy of the:

12  SUMMONS-CIVIL; COMPLAINT: CLASS ACTION AND COLLECTIVE ACTION;

13  On **FAYE MARTIN,** pursuant to NRS 14.020 as a person of suitable age and discretion, of the office of THE CORPORATION TRUST COMPANY OF NEVADA, resident agent for **COLONIAL PROPERTIES SERVICES,** at the address of:

14  **6100  NEIL RD #500,**

15  **RENO, NV 89511**

16        Affiant does hereby affirm under penalty of perjury that the assertions of this affidavit are

17  true.

18                                    **MATTHEW BAKER**

19

20  SIGNED and SWORN to before me on

21  3rd day of September, 2009, by MATTHEW BAKER.

22  NOTARY PUBLIC
   MCC1 283034

23

24  

STEPHANIE MARTELL
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 05-97425-2 - Expires June 9, 2013

25

**COMP**
ANDREW KAHN, SBN 3751
McCracken, Stemerman & Holsberry
1630 S. Commerce St.
Las Vegas, NV 89102
Telephone: (702) 386-5107
Fax:        (702) 386-9848
ajk@dcbsf.com

RACHEL WILSON, AZB #024801, pro hac vice pending
177 N. Church Ave., Suite 200
Tucson, Arizona 85701
Telephone: (520) 628-7777
Fax:        (520) 798-1980
rachel@rachelwilsonlaw.com

Attorneys for Plaintiffs

FILED

SEP  1  12 15 PM '09

CLERK OF THE COURT

**DISTRICT COURT**

**COUNTY OF CLARK**

MIGUEL TORRALBA, ROSARIO MARROQUIN, CESAR
ROSAS RAMIREZ, JUAN FARIAS, OSCAR ROJAS
RAMIREZ, ANGEL FARIAS, VICTOR URIBE, ISIDRO
FLORES, JACOBO MARQUEZ, RICARDO FLORES,
TEOFILO PEREZ, JOSE LUIS SANTIAGO MARTINEZ,
FELIX PEREZ MANUEL, ROSA RODRIGUEZ, MARIA
GUADALUPE URIBE, ROBERTO CRUZ, ISRAEL CRUZ,
MARCELO EPIFANIO , ORLANDO RAMIREZ, ESTEBAN
MIRANDA, MANUEL MUNOS, FRANCISCO VARGAS,
LUIS VARGAS, ROBERTA BARBOSA, MARTIN PEREZ,
GREGORIO CAMPOS, RAMON ENRIQUEZ, ESTHER
PEREZ, SERVANDO MORENO, and ELEASAR TREJO
individually and on behalf of other persons similarly situated,

Plaintiffs,

vs.

WALLDESIGN, INC.; MICHAEL BELLO; PICERNE
CONSTRUCTION CORP.; OVATION DEVELOPMENT
CORPORATION; COLONIAL PROPERTIES TRUST;
COLONIAL COMMERCIAL CONTRACTING, LLC;
COLONIAL PROPERTIES SERVICES; FAIRFIELD
DEVELOPMENT LIMITED PARTNERSHIP; FANTASY
CONSTRUCTION, INC. and DOES 1-10 inclusive.

Defendants.

CASE NO. A-09-598359-C
XVI

**COMPLAINT: CLASS ACTION
AND COLLECTIVE ACTION**

**DEMAND FOR JURY TRIAL**

1

## I.   INTRODUCTION

1.      Plaintiffs Miguel Torralba, Rosario Marroquin, Cesar Rosas Ramirez, Juan Farias, Oscar Rojas Ramirez, Angel Farias, Victor Uribe, Isidro Flores, Jacobo Marquez, Ricardo Flores, Teofilo Perez, Jose Luis Santiago Martinez, Felix Perez Manuel, Rosa Rodriguez, Maria Guadalupe Uribe, Roberto Cruz, Israel Cruz, Marcelo Epifanio, Orlando Ramirez, Esteban Miranda, Manuel Munos, Francisco Vargas, Luis Vargas, Roberta Barbosa, Martin Perez,  Gregorio Campos, Ramon Enriquez, Esther Perez, Servando Moreno, and Eleasar Trejo (hereinafter "Plaintiffs") bring this action on behalf of themselves as a collective action to recover unpaid minimum wages, overtime compensation, liquidated damages, attorneys' fees and costs under the provisions of Section 216(b) of the Fair Labor Standards Act, 29 USC § 201 *et seq.* Plaintiffs also bring this class action on behalf of themselves and on behalf of other similarly-situated employees to recover damages under the civil provisions of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1960-68, and under Nevada state law.

2.      Defendant WALLDESIGN is a company that provides its customers various building services at construction projects. These services include, but are not limited to, drywall installation and finishing, plastering, stucco work, insulation, and painting.

3.      Plaintiffs are current and former employees of WALLDESIGN who have been systematically deprived of their rightful pay through a criminal scheme designed to skirt workers' compensation and wage and hour laws.

4.      Plaintiffs have worked for Defendant WALLDESIGN as drywall hangers and tapers, plasterers, stucco workers and painters, performing assorted tasks related to the surface preparation and painting of buildings. Plaintiffs performed this work at construction projects in the state of Nevada.

5.      Payment of wages at WALLDESIGN has always been a highly irregular affair. Until some point in 2007, workers were paid exclusively in cash by their supervisors. The supervisors came to job sites with envelopes full of cash and then handed the cash to the crew leaders. The crew leaders then distributed the cash to the workers on their crew. No crew leaders or workers were ever asked or required to report the number of hours they worked. As this was the height of the housing boom, workers were routinely working twelve hour days, seven days a week.

6.     Apparently aware that this payment procedure was abnormal, in 2007 WALLDESIGN began paying its workers with paychecks drawn on an account from Comerica Bank in Los Angeles, California.  But, again, the process was decidedly peculiar.  First, only some of the workers were allowed to "apply" for their jobs.  Those workers then began receiving paychecks.  However, workers who were not allowed to apply for their jobs began to be paid in combinations of checks and cash-- checks that were not in their own names.  Generally, the workers were not acquainted with the people whose names appeared on their checks.  For example, Jose Luis Santiago Martinez, who worked for WALLDESIGN for five years, was not allowed to officially apply for his job until late 2008.  In early 2008, he often worked with two other men, Marcelino and Diego.  On at least one occasion, the three men were paid with two checks made out to Ismael Fernando Pascual and Federico Julian.  See Exhibit A for affidavit and copies of the paystubs in question.

7.     Sometimes even workers who had officially been "hired" by WALLDESIGN were paid with checks in other people's names.  For example, Maria Guadalupe Uribe, who usually received a paycheck in her own name, was several times issued a check in the name of Orlando Gutierrez, whom she does not know.  See Exhibit B for affidavit and photo of Plaintiff with paycheck.

8.     When workers were issued checks in other people's names, the supervisors told the workers where to go to get the checks cashed.  For example, in the case of Jose Luis Santiago Martinez, his supervisor told him to go to a specific store and tell the owner that "Rafael told me to come to you."  Then the store owner would cash the checks for a 2% commission.  See Exhibit A.

9.     The issuing of checks in other people's names had other collateral consequences.  For example, in many instances, workers were injured on the job but were told that they could not claim workers' compensation.  Miguel Torralba was injured when a nail became lodged in his foot.  Because his supervisor refused to allow him to file workers' compensation, he went to a family friend who stitched up the wound.  He was not compensated for any of the time missed at work due to the accident nor compensated for this work-related injury in any way.  See Exhibit C for affidavit.

10.    These problems proceed unabated at WALLDESIGN.  Workers continue to be issued checks in other people's names, with occasional payments in cash; the amount paid to each worker is often less than both the federal and Nevada minimum wage.

## II. JURISDICTION

11.     This complaint alleges a cause of action under the Fair Labor Standards Act, 29 USC §201 *et seq.* ("FLSA"), which provides, *inter alia,* that "[a]n action to recover ... may be maintained ... in any Federal or State court of competent jurisdiction." 29 USC § 216(b).  Furthermore, state courts have jurisdiction to enforce the Civil RICO statute at 18 U.S.C. 1964. *Tafflin v. Levitt,* 493 U.S. 455 (1990).  State courts have original jurisdiction over state law claims.  Therefore, jurisdiction in this court is appropriate.

## III. VENUE

12.     Venue lies within Clark County pursuant to NRS § 13.040.  Venue is proper in the County as the majority of the acts, events, and omissions giving rise to this action occurred in this County.  At all relevant times, Defendant employed Plaintiffs in the State of Nevada, with the majority of employees living and working in Clark County.

## IV. PARTIES

13.     Plaintiffs are current and former employees of WALLDESIGN, INC., who live and work in Clark County, Nevada.  At all relevant times, Plaintiffs and other class members were "persons" within the meaning of the RICO, 18 U.S.C. § 1961(3)

14.     Defendant WALLDESIGN, INC., (hereinafter "WALLDESIGN") is a California corporation, having its principal place of business in Newport Beach, California.  WALLDESIGN has a registered agent at 5190 Neil Rd., Suite 430, Reno, NV 89502.

15.     Defendant MICHAEL BELLO (hereinafter "BELLO") is a natural person residing in Newport Coast, California and the Owner, President, Secretary, Treasurer and Director of WALLDESIGN.  Process may be served upon him at 38 Pelican Crest Dr., Newport Coast, California, 92657-1805.

16.     Defendant PICERNE CONSTRUCTION CORP. (hereinafter "PICERNE"), is a corporation based in Arizona which has been operating in Nevada as a licensed contractor.  Their headquarters in Nevada is located at 4880 W University, Ste B-6, Las Vegas, NV 89103.

4

1    17.    Defendant OVATION DEVELOPMENT CORPORATION ("OVATION"), is a Nevada

2  Corporation licensed as a contractor of Nevada whose headquarters is located at 6021 S. Fort Apache

3  Rd., Ste 100, Las Vegas, NV, 89148.

4    18.    Defendant COLONIAL PROPERTIES TRUST, is an entity based in Alabama which

5  operates a single enterprise with its subsidiaries in Nevada which consist of Colonial Properties Services

6  and Colonial Commercial Contracting, LLC (the latter having a Nevada contractor's license), operated

7  in Nevada at 3305 E. Rome Blvd., North Las Vegas, NV 89086 (collectively referred to here as

8  "COLONIAL").

9    19.    Defendant FAIRFIELD DEVELOPMENT LIMITED PARTNERSHIP ("FAIRFIELD")

10  is a partnership based in California operating in and licensed in Nevada as a contractor,  with a Nevada

11  address of 1707 Village Center Dr., Ste. 150, Las Vegas, NV, 89148.

12    20.    Defendant FANTASY CONSTRUCTION, INC. ("FANTASY") is a corporation

13  operating in and licensed in Nevada as a contractor with a Nevada address of 2775 S. Jones Blvd., Suite

14  101, Las Vegas, NV 89146.

15    21.    The true names or capacities, whether individual, corporate, associate, representative or

16  otherwise, of Defendants names herein as Does 1-10 are not known to Plaintiffs, who consequently sue

17  such Defendants by such fictitious names, and Plaintiffs will seek leave to amend this complaint to state

18  their true names and capacities when they have been ascertained.  Plaintiffs are informed and believe,

19  and thereon allege, that each defendant sued by such fictitious name was responsible in some manner for

20  the actions referred to in this complaint and in some manner caused the injuries and damages alleged

21  herein.  Plaintiffs are informed and believe and thereon allege that each of the Defendants herein were at

22  all times relevant hereto the agent, employee or representative of the remaining Defendants and were

23  acting, at least in part, within the course and scope of such relationship.

### V. CLASS ACTION ALLEGATIONS

25    22.    All claims for actual and liquidated damages, as well as for injunctive relief, under RICO

26  and Nevada State Law are brought by Plaintiffs on behalf of themselves and all other similarly situated

27  persons.

28

1      23.    Class claims for injunctive and other equitable relief are brought pursuant to Nev. R. Civ.

2  P. 23(a). For the purpose of injunctive and other equitable relief, the class consists of all persons who

3  have been employed, are employed, or will be employed by WALLDESIGN within the applicable

4  limitations periods.

5      24.    The precise number of individuals in the class is known only to the Defendant

6  WALLDESIGN. The class includes over 40 individuals and is believed to include over 300 individuals.

7  Joinder of all class members is impracticable.

8      25.    There are questions of law and fact common to the class.

9      26.    The claims of the Plaintiffs are typical of the claims of the class. The failure of the

10  Defendants to comply with RICO and Nevada State Law served to deprive all class members of the

11  protections of these laws.

12      27.    Plaintiffs will fairly and adequately protect the interests of the class.

13      28.    Plaintiffs' counsel are experienced in conducting class actions in Nevada courts.

14      29.    The common claims set forth in the Third through Seventh Causes of Action predominate

15  over any questions affecting only individual class members.

16      30.    The Plaintiffs' interests in the claims set forth in the Third through Seventh Cause of

17  Action are in no way antagonistic or adverse to those of other class members.

18      31.    A class action under Nev. R. Civ. P. 23 is superior to other available methods of

19  adjudicating the claims set forth in Counts III through VII because, *inter alia*:

20        a. Common issues of law and fact, as well as the relatively small claim of each class

21  member, substantially diminish the interest of members of the class in individually controlling the

22  prosecution of separate actions;

23        b. Many of the class members are unaware of their rights to prosecute these claims and

24  lack the means or resources to secure legal assistance;

25        c. There has been no litigation already commenced by members of the class to determine

26  the questions presented; and

27        d. A class action can be managed without undue difficulty since Defendants have

28

1    regularly committed the violations complained of herein and were required to maintain detailed records

2    concerning each member of the class.

3                 **VI. FACTUAL ALLEGATIONS**

4      **A.**     **THE FLSA CLAIMS**

5      32.    At all times relevant to this action, Defendant WALLDESIGN has been an enterprise

6    engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of

7    the FLSA, 29 USC § 203(s).

8      33.    WALLDESIGN has been or was, at all times relevant herein, Plaintiffs' employer within

9    the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

10      34.    Defendant MICHAEL BELLO is Owner, President, Secretary, Treasurer and Director of

11    WALLDESIGN and the joint employer of Plaintiffs as defined under 29 U.S.C. §203(d). At all relevant

12    times herein, MICHAEL BELLO has been an individual engaged in commerce or in the production of

13    goods for commerce within the meaning of the FLSA, 29 USC § 203(s).

14      35.    Plaintiffs and others similarly-situated, while employed by WALLDESIGN and

15    MICHAEL BELLO, were regularly under-compensated for their work, such that they were often not

16    paid the federal minimum wage for every hour worked.

17      36.    Plaintiffs and others similarly situated regularly worked more than 40 hours per week for

18    Defendants WALLDESIGN and MICHAEL BELLO.

19      37.    Plaintiffs and others similarly situated were not paid time and one-half for every hour

20    worked over 40 hours per week.

21      38.    Defendants' failure to pay Plaintiff and others similarly situated the proper wages

22    required by law was willful.

23      39.    All actions and omissions described in this complaint were made by Defendants

24    WALLDESIGN and MICHAEL BELLO directly or through Defendants' supervisory employees and/or

25    agents.

26

27

28

**B.    The RICO Claim**

40.    At all times relevant to this action, Defendants WALLDESIGN and BELLO are 'persons' as defined by RICO, 18 U.S.C. § 1961(3).

41.    At all pertinent times, Defendant WALLDESIGN, Defendant BELLO, non-Defendants Comerica Bank and their agents formed an association-in-fact or other enterprise for the purpose of paying Plaintiffs and the class (the "Paycheck Enterprise"), which was an "enterprise" within the meaning of RICO, 18 USC § 1961(4).  This enterprise has the common purpose of compensating WALLDESIGN employees for their work.

42.    At all pertinent times, WALLDESIGN and BELLO were engaged in, and their activities affected, interstate and foreign commerce within the meaning of RICO.

43.    At all pertinent times, Defendants WALLDESIGN and BELLO each associated with Comerica Bank and conspired and agreed to violate RICO, *i.e.,* agreed to conduct and/or participate in the conduct, directly or indirectly, of the affairs of the Paycheck Enterprise through a "pattern of racketeering activity" in violation of RICO. In particular, Defendants WALLDESIGN and BELLO agreed to commit two or more of the "predicate acts" of "racketeering activity."

44.    The "racketeering activity" of Defendants WALLDESIGN and BELLO was and is comprised by multiple unlawful acts of Mail and Wire Fraud, Bank Fraud, Money Laundering, and otherwise conspiring, aiding, abetting and engaging therein. Defendants WALLDESIGN and BELLO conspired, committed, aided and/or abetted at least two or more of these "predicate acts" of "racketeering activity" over the period of time that the Paycheck Enterprise has existed.  Thus, Defendants WALLDESIGN and BELLO participated in the Paycheck Enterprise, whose legitimate purpose was to pay employees, for their illegitimate and criminal purpose of defrauding, injuring, depriving and profiting from systematic violations of the FLSA and state laws.

45.    **Mail and Wire Fraud.**  In order to advance, conceal, and further their racketeering activity in the Paycheck Enterprise, Defendants WALLDESIGN and BELLO made extensive use of the U.S. mail and wires, as prohibited by 18 U.S.C. §§ 1341, 1343. For example, through fixed-line fax transmissions, telephone lines, and U.S. mail, employees in the Las Vegas WALLDESIGN office

8

1    communicated falsified payroll information to WALLDESIGN headquarters in California. That

2    information was then communicated to Comerica Bank for the purposes of generating fraudulent

3    paychecks. For example, a paycheck dated 05/22/2009, drawn on a Comerica Bank account in Los

4    Angeles, was generated in the name of "Orlando Gutierrez" to partially compensate Plaintiff Maria

5    Guadalupe Uribe for her work. See Exhibit B. Defendants WALLDESIGN and BELLO used the wires

6    and the US mail to communicate among the Las Vegas office, the California headquarters, and

7    Comerica Bank in order to execute the creation of this fraudulent paycheck. This is just one example

8    among thousands of instances.

9        46.    **Bank Fraud.** Defendants WALLDESIGN and BELLO knowingly executed a scheme or

10   artifice to obtain moneys under the custody or control of a financial institution by means of false or

11   fraudulent pretenses and representations in violation of 18 U.S.C. § 1344(2). By generating fraudulent

12   paychecks on their Comerica Bank account, Defendants WALLDESIGN and BELLO executed a

13   scheme to use false names to pay employees, thereby obtaining money under the control of Comerica

14   Bank by means of a fraudulent pretense. Again, the specific example of Maria Guadalupe Uribe's

15   paycheck, as seen in Exhibit B, is illustrative of this scheme to defraud a financial institution.

16       47.    **Money Laundering.** Defendants WALLDESIGN and BELLO routinely laundered

17   money proceeds of criminal acts in interstate commerce, *i.e.*, knowingly conducted financial transactions

18   involving the money proceeds of defrauding and depriving Plaintiffs of their compensation guaranteed

19   by the FLSA and state laws to promote the carrying on of that unlawful activity, in furtherance of their

20   conspiracy about, conduct of, and other participation in the Paycheck Enterprise. This was in violation

21   of 18 U.S.C. § 1956. Specifically, the balance of the Comerica Bank account was kept artificially high

22   by the systematic underpayment of wages to employees and of premiums to workers compensation

23   insurers. Money from that account then went to pay for other business expenses, including correctly

24   compensating some employees including managers. By this scheme, Defendants WALLDESIGN and

25   BELLO laundered dirty money into clean by funneling it through the Comerica account to others.

26

27

28

9

### C.    The Nevada State Law Claims

48.    Defendant WALLDESIGN has been or was, at all times relevant herein, Plaintiffs' employer within the meaning of NRS § 608.011.

49.    Defendants PICERNE, OVATION, COLONIAL, FAIRFIELD and FANTASY were at all times relevant builders or contractors as that term is used in NRS § 608.150.  They have built structures as builders and/or contractors in Clark County, Nevada.

50.    Defendant WALLDESIGN performed work as a contractor and/or subcontractor to Defendants PICERNE, OVATION, COLONIAL, FAIRFIELD and FANTASY in various projects in Nevada.  The violations described herein took place while Defendant WALLDESIGN was acting as a contractor and/or subcontractor to Defendants PICERNE, OVATION, COLONIAL, FAIRFIELD and FANTASY.  Plaintiffs and the class they represent performed services on those projects built by Defendants PICERNE, OVATION, COLONIAL, FAIRFIELD and FANTASY.

51.    Over the past three years, Defendant WALLDESIGN has not paid Plaintiffs at least the Nevada minimum wage for all their hours of work.  Additionally, WALLDESIGN has failed to pay Plaintiffs time-and-a-half of the Nevada statutory minimum wage for all hours worked in excess of forty in a workweek, and WALLDESIGN has failed to maintain accurate records of wages paid.

**FIRST CLAIM OF RELIEF**
**FAILURE TO PAY MINIMUM WAGE**
**[FLSA, 29 USC § 206]**
**BY ALL PLAINTIFFS AGAINST DEFENDANTS WALLDESIGN AND BELLO**
**(COLLECTIVE ACTION)**

52.    Plaintiffs re-allege and incorporate by reference the allegations listed above as if fully set forth here.

53.    Plaintiffs bring their First Claim for Relief as an opt-in collective action under the FLSA, 29 USC § 216(b), for failure to pay at least the minimum wage, liquidated damages, attorneys' fees, and costs.  Plaintiffs have been denied proper compensation during the applicable liability period.  Plaintiffs represent the other employees who were similarly denied proper compensation, and act on behalf of those employees' interests and their own, in bringing this action.  Each named plaintiff has signed a retainer agreement with counsel to become a party in this action.  The employees similarly situated to

1  Plaintiffs are known to Defendants, are readily identifiable, and may be located through Defendants'
2  records. These similarly-situated employees should be notified of, and allowed to opt into, this action to
3  pursue their claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the
4  FLSA.

5       54.    Section 6 of the FLSA, 29 U.S.C. §206, establishes the right of all persons who are
6  "engaged in commerce or in the production of goods for commerce, or is employed in an enterprise
7  engaged in commerce or in the production of goods for commerce" to have their employer pay at least
8  the federal minimum wage rate for all hours worked. The §206 rate is "not less than $5.85 an hour
9  during the period beginning July 24, 2007, not less than $6.55 an hour beginning on July 24, 2008, and
10 not less than $7.25 an hour beginning July 24, 2009." 29 U.S.C. §206(a)(1).

11      55.    Said defendants have engaged in a pattern and practice of violating the Fair Labor
12 Standards Act by not paying Plaintiffs at least the minimum wage rate required by the FLSA and such
13 conduct was willful within the meaning of 29 U.S.C. §255(a).

14      56.    As a result of the unlawful acts of Defendants, Plaintiffs and others similarly situated
15 have been deprived of pay in amounts to be determined at trial and are entitled to recovery of such
16 amounts, liquidated damages, attorneys' fees, and other compensation pursuant to 29 USC § 216(b).
17 Plaintiffs and other persons formally or informally employed by Defendants who may opt in to this
18 collective action request relief as described below.

19      57.    Defendants have concealed and continue to conceal relevant facts regarding their
20 unlawful activities, including their involvement in the unlawful scheme to defraud workers of their
21 wages. Accordingly, any statute of limitations relating to any of the causes of action alleged in this
22 Complaint have been suspended for that period during which Plaintiffs and others similarly situated
23 were prevented by the wrongful acts of Defendants from seeking appropriate remedies, including the
24 filing of a lawsuit.

25
26
27
28

**SECOND CLAIM OF RELIEF**
**FAILURE TO PAY OVERTIME**
**[FLSA, 29 USC § 207]**
**BY ALL PLAINTIFFS AGAINST DEFENDANTS WALLDESIGN AND BELLO**
**(COLLECTIVE ACTION)**

58.   Plaintiffs re-allege and incorporate by reference the allegations listed above as if fully set forth here.

59.   Plaintiffs bring their Second Claim for Relief as an opt-in collective action under the FLSA, 29 USC § 216(b), for unpaid overtime wages, liquidated damages, attorneys' fees, and costs.

60.   Section 7 of the FLSA, 29 U.S.C. §207, establishes the right of all persons who are "suffered or permitted to work" to have their employer pay the correct overtime rate for all hours worked in excess of forty hours in a workweek.

61.   Plaintiffs are informed and believe, and thereupon allege, the following acts herein:  that Defendants have engaged in a pattern and practice of violating the Fair Labor Standards Act by requiring Plaintiffs and the class to work in excess of forty hours in a workweek without paying them overtime at the time-and-a-half rate required by the FLSA and that such conduct was willful within the meaning of 29 U.S.C. §255(a).

62.   As a result of the unlawful acts of Defendants, Plaintiffs and others similarly situated have been deprived of overtime pay in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, and other compensation pursuant to 29 USC § 216(b).  Plaintiffs and other persons formally or informally employed by Defendants who may opt in to this collective action request relief as described below.

63.   Plaintiffs are informed and believe, and on that basis allege, that Defendants have concealed and continue to conceal relevant facts regarding their unlawful activities, including their involvement in the unlawful scheme to defraud workers of their wages.  Accordingly, any statute of limitations relating to any of the causes of action alleged in this Complaint have been suspended for that period during which Plaintiffs and others similarly situated were prevented by the wrongful acts of Defendants from seeking appropriate remedies, including the filing of a lawsuit.

### THIRD CLAIM FOR RELIEF
### RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)
### [18 U.S.C. §§ 1960-68]
### BY ALL PLAINTIFFS AGAINST DEFENDANTS WALLDESIGN AND BELLO
### (CLASS ACTION)

64.     Plaintiffs re-allege and incorporate by reference the allegations listed above as if fully set forth here.

65.     As a direct, intended, and foreseeable result of Defendants' WALLDESIGN and BELLO violations of RICO, have suffered injury to their property, in the form of underpayment of wages, lack of workers' compensation insurance, and excessive check-cashing fees.

66.     The criminal acts of mail and wire fraud, bank fraud, and money laundering committed by Defendants WALLDESIGN and BELLO were directly related to and were substantial factors in causing injury to Plaintiffs.

67.     Plaintiffs and the class are entitled to relief including their actual damages, treble damages, attorney's fees pursuant to 18 U.S.C. § 1962(c) and costs.

### FOURTH CLAIM FOR RELIEF
### CLASS ACTION TO RECOVER WAGES
### [NEV. REV. STAT. § 608.250, *et seq.*]
### BY ALL PLAINTIFFS AGAINST DEFENDANTS WALLDESIGN, PICERNE, OVATION,
### COLONIAL, FAIRFIELD and FANTASY
### (CLASS ACTION)

68.     Plaintiffs re-allege and incorporate by reference the allegations listed above as if fully set forth here.

69.     Plaintiffs bring this Fourth Claim for Relief as an opt-out class action under Nevada Rule of Civil Procedure 23(a) on behalf of themselves and the proposed class of current and former employees of Defendant WALLDESIGN who, within the applicable liability period, were not paid at least the Nevada minimum wage for each and every hour worked.

70.     Nev. Rev. Stat. § 608.250 empowers the Labor Commissioner to set the minimum wage in Nevada. On July 1, 2007 the Nevada minimum wage became $6.33/hr for uninsured employees. On July 1, 2008 the rate was $6.85/hr. That rate was again raised to $7.55 on July 1, 2009.

13

71.     Nev. Rev. Stat. § 608.260 provides a private right of action for employees to recover the difference between the minimum wage and the amount paid.

72.     Furthermore, Nev. Rev. Stat. § 608.150 states that original contractors are liable for the indebtedness for labor incurred by subcontractors or contractors acting under, by or for the original contractor.

73.     All Plaintiffs worked for Defendant WALLDESIGN in Nevada during the relevant time periods and worked on projects from PICERNE, OVATION, COLONIAL, FAIRFIELD and FANTASY, the original contractors.

**FIFTH CLAIM FOR RELIEF**
**CLASS ACTION TO RECOVER UNPAID OVERTIME**
**[NEV. REV. STAT. § 608.018]**
**BY ALL PLAINTIFFS AGAINST DEFENDANTS WALLDESIGN, PICERNE, OVATION,**
**COLONIAL, FAIRFIELD and FANTASY**
**(CLASS ACTION)**

74.     Plaintiffs re-allege and incorporate by reference the allegations listed above as if fully set forth here.

75.     Plaintiffs also bring this claim as an opt-out class action under Nevada Rule of Civil Procedure 23(a) on behalf of themselves and in a representative capacity on behalf of similarly-situated workers employed by Defendant WALLDESIGN.

76.     Defendant WALLDESIGN has required employees to work more than 40 hours in a week but are not paid time-and-a-half for the hours worked in excess of 40, as required by N.R.S. § 608.018.

77.     Nev. Rev. Stat. § 608.150 states that original contractors are liable for the indebtedness for labor incurred by subcontractors or contractors acting under, by or for the original contractor. All Plaintiffs worked for Defendant WALLDESIGN in Nevada during the relevant time periods and worked on projects from PICERNE, OVATION, COLONIAL, FAIRFIELD and FANTASY, the original contractors.

14

**SIXTH CLAIM FOR RELIEF**
**ACTION TO RECOVER WAITING-TIME PENALTIES UNDER NEVADA LAW**
**[NRS 608.040(1), NRS 608.050]**
**BY ALL PLAINTIFFS AGAINST DEFENDANTS WALLDESIGN, PICERNE, OVATION,**
**COLONIAL, FAIRFIELD and FANTASY**
**(CLASS ACTION)**

78.     Plaintiffs re-allege and incorporate by reference the allegations listed above as if fully set forth here.

79.     Plaintiffs bring this claim on behalf of a subclass consisting of all the former employees of Defendant WALLDESIGN within the past three years, who number more than 40 persons.

80.     NRS 608.040(1) provides:

> If an employer fails to pay:
>         (a) Within 3 days after the wages or compensation of a discharged employee becomes due; or
>         (b) On the day the wages or compensation is due to an employee who resigns or quits,
> the wages or compensation of the employee continues at the same rate from the day he resigned, quit or was discharged until paid or for 30 days, whichever is less.

81.     NRS 608.050 provides:

> 1. Whenever an employer of labor shall discharge or lay off his or its employees without first paying them the amount of any wages or salary then due them, in cash and lawful money of the United States, or its equivalent, or shall fail, or refuse on demand, to pay them in like money, or its equivalent, the amount of any wages or salary at the time the same becomes due and owing to them under their contract of employment, whether employed by the hour, day, week or month, each of his or its employees may charge and collect wages in the sum agreed upon in the contract of employment for each day his employer is in default, until he is paid in full, without rendering any service therefor; but he shall cease to draw such wages or salary 30 days after such default.

> 2. Every employee shall have a lien as provided in NRS 108.221 to 108.246, inclusive, and all other rights and remedies for the protection and enforcement of such salary or wages as he would have been entitled to had he rendered services therefor in the manner as last employed.

82.     The former employees subclass provided labor to said Defendants but have not been provided all wages due them within the time periods required by Nevada law, including the overtime

15

1    and minimum wages due them, and accordingly are owed waiting time penalties under NRS 608.040

2    and/or NRS 608.050.

3

4                      SEVENTH CLAIM FOR RELIEF
     INJUNCTION AND DAMAGES FOR VIOLATION OF NEVADA PAYROLL STATUTES
5                    [NRS  608.115, 608.120, 608.130(1) et al.]
     BY ALL PLAINTIFFS AGAINST DEFENDANTS WALLDESIGN AND BELLO
6                           (CLASS ACTION)

7          83.    Plaintiffs re-allege and incorporate by reference the allegations listed above as if

8    fully set forth here.

9

10         84.    NRS  608.115 provides:

11
            1. Every employer shall establish and maintain records of wages for the
12      benefit of his employees, showing for each pay period the following information
        for each employee:
13          (a) Gross wage or salary other than compensation in the form of:
                (1) Services; or
14              (2) Food, housing or clothing.
            (b) Deductions.
15          (c) Net cash wage or salary.
            (d) Total hours employed in the pay period by noting the number of hours
16      per day.
            (e) Date of payment.
17          2. The information required by this section must be furnished to each
        employee within 10 days after he submits his request.
18
            3. Records of wages must be maintained for a 2-year period following the
19      entry of information in the record.
20
           85.    Defendants WALLDESIGN and BELLO have failed to maintain accurate record of
21
     wages, both by undercounting of hours and by using false names in the records, in violation of NRS
22
     608.115.
23

24         86.    NRS 608.120  provides:
25
        The payment of wages or compensation must be made in lawful money of the
26      United States or by a good and valuable negotiable check or draft drawn only to
        the order of the employee unless:
27          1. The employee has agreed in writing to some other disposition of his
        wages; or
28

                                        16

2.  The employer has been directed to make some other disposition of the employee's wages by:
  (a) A court of competent jurisdiction; or
  (b) An agency of federal, state or local government with jurisdiction to issue such directives.
Such checks or drafts must be payable on presentation thereof at some bank, credit union or established place of business without discount in lawful money of the United States. They must be payable at the place designated in the notice prescribed in NRS 608.080.

87. NRS 608.130(1) provides :

  1.  A person engaged in any business or enterprise of any kind in this State shall not issue, in payment of, or as evidence of, any indebtedness for wages due an employee, any order, check, memorandum or other acknowledgment of indebtedness unless it is a negotiable instrument payable without discount, in cash on demand, at some bank, credit union or other established place of business but this subsection does not limit or interfere with the right of any employee, by agreement, to accept from any such person, as an evidence or acknowledgment of indebtedness for wages due him, a negotiable instrument payable at some future date with interest.

88. These Defendants' practices of paying workers in names that are not their own, which then necessitates that the workers cash such checks at a particular store for a fee, violates NRS 608.120 and NRS 608.130(1).

89. The fee charged constitutes an illegal reduction of agreed-upon pay in violation of NRS 608.100.

90. These Defendants' failure to properly report the identity and pay of their employees to the State in making unemployment contributions violates NRS Chapter 612 and the regulations thereunder.

91. These Defendants' failure to provide workers compensation insurance to their employees violates Nevada law, including NRS 616B.612.

92. Plaintiffs and the Class have suffered irreparable injuries and are threatened with additional such injuries due to these violations, including interference with workers' ability to establish with certainty the amount of wages and other benefits due them.

17

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on their own behalf and on behalf of all members of the FLSA collective action pray for relief as follows:

A.  Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 USC § 216(b) to all similarly-situated members of the FLSA opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 USC § 216(b) and tolling the statute of limitations on the claims of all members of the FLSA Opt-In Class from the date this complaint was filed until the class members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

B.  Ordering Defendants to disclose in computer readable format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiffs to send notice of this action to all those similarly-situated individuals;

C.  Designation of Plaintiffs as Representatives of the FLSA Collective;

D.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

E.  A declaratory judgment that Defendants WALLDESIGN and MICHAEL BELLO willfully violated the Fair Labor Standards Act;

F.  A judgment in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants WALLDESIGN and MICHAEL BELLO on the Plaintiffs' Fair Labor Standards Act claim and awarding each of them the amount of his/her unpaid federal minimum wages and overtime wages, along with an equal amount as liquidated damages, the costs of this action, reasonable attorney's fees with regard to their claims under the Fair Labor Standards Act, and pre- and post-judgment interest, as provided by law; and

G.  Grant such other and further legal and equitable relief as this Court may deem just and proper.

WHEREFORE, Plaintiffs on their own behalf and on behalf of all members of the RICO and State Class pray for relief as follows:

A.  Certification of this action as an opt-out class action on behalf of the class;

18

B. Designation of Plaintiffs as representatives of the class;

C. Designation of Plaintiffs' counsel as Counsel for the class;

D. A judgment in favor of Plaintiffs and against Defendants WALLDESIGN and BELLO on the RICO claim and awarding them treble damages and attorney's fees and costs pursuant to 18 U.S.C. § 1964(c).

E. A declaratory judgment that Defendants WALLDESIGN, PICERNE, OVATION, COLONIAL, FAIRFIELD and FANTASY failed to pay the Nevada minimum wage, violating N.R.S. § 608.250, *et seq.*

F. A judgment in favor of Plaintiffs and the State Class and against Defendants WALLDESIGN, PICERNE, OVATION, COLONIAL, FAIRFIELD and FANTASY and awarding them the minimum wages due under N.R.S. § 608.250, *et seq.* and also awarding them attorneys' fees pursuant to N.R.S. § 608.140, pre-judgment and post-judgment interest pursuant to NRS 99.040 and NRS 17.130 and other law, and waiting-time penalties pursuant to NRS 608.140-.150 for former employees.

G. A declaratory judgment that Defendants WALLDESIGN, PICERNE, OVATION, COLONIAL, FAIRFIELD and FANTASY failed to pay proper overtime, violating N.R.S. § 608.018.

H. A judgment in favor of Plaintiffs and the State Class and against Defendants WALLDESIGN, PICERNE, OVATION, COLONIAL, FAIRFIELD and FANTASY and awarding them the overtime due under N.R.S. § 608.018 the fees paid to cash their checks, pre-judgment and post-judgment interest, waiting-time penalties and attorneys' fees pursuant to N.R.S. § 608.140.

I. An injunction against WALLDESIGN and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

///

///

///

///

19

## VII. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: __8/31__, 2009          McCRACKEN, STEMERMAN & HOLSBERRY

By: _____
       Andrew J. Kahn, SBN 3751
       1630 S. Commerce Street, Suite A-1
       Las Vegas, Nevada 89102
       Tel:   702-386-5107
       Fax:   702-386-9848

       Rachel Wilson
       177 N. Church Ave., Suite 200
       Tucson, Arizona 85701
       Tel: (520) 628-7777
       Fax: (520)798-1980
       E-mail: rachel@rachelwilsonlaw.com

       Attorneys for Plaintiffs

20

**EXHIBIT A**

1. Yo, Jose Luis Santiago Martinez, soy una persona mayor de 18 años y estoy dando esta declaración voluntariamente.

2. Yo trabajé para Walldesign por cinco años.

3. Yo frecuentemente era pagado con cheques dirigidos al nombre de otras personas.

4. Por ejemplo, la semana que terminó el 25 de Noviembre, 2008, yo trabajaba junto a una cuadrilla con dos otras personas: Marcelino y Diego. Los tres fuimos pagados con dos cheques. Los cheques iban dirigidos a Ismael Fernando Pascual y Federico Julián.

5. Para cambiar los cheques, se me dijo de ir al "Mini-mart" y decir que "Rafael" me mandaba.

6. Rafael era mi supervisor.

7. Cuando el dependiente del Mini-mart cambió mis cheques, una comisión del 2% fue cobrada.

8. Yo declaro bajo pena de perjurio bajo las leyes del Estado de Nevada y de los Estados Unidos que esta información es verdadera y correcta, basado en mi propio conocimiento.

Ejecutado en Las Vegas, NV, el día _25_ de agosto de 2009.

_Jose Luis s m_
signature


1. I, Jose Luis Santiago Martinez, am a person of more than 18 years of age, and am giving this statement voluntarily.

2. I worked for WallDesign for five years.

3. I was often paid with checks issued in other people's names.

4. For example, the week ending November 25, 2008, I worked on a crew with two other people: Marcelino and Diego. The three of us were paid with two checks. The checks were made out to Ismael Fernando Pascual and Federico Julian.

5. In order to cash the checks, I was told to go to the "Mini-mart" and say that "Rafael" had sent me.

6 Rafael was my supervisor.

7 When the man at the Mini-mart cashed my checks, a 2% commission was deducted.

8. I declare under penalty of perjury under the laws of the State of Nevada and of the United States of America that this information is true, based on my best knowledge.

Executed in Las Vegas, NV, on _2 5_ of August, 2009.

{signature}

_Jose Luis S. m._

*Walldesign Incorporated*

949536

| HOURS | | RATE | EARNINGS | | | OTHER PAY | | | PAY PERIOD. |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | OVERTIME | | REGULAR | OVERTIME | BASIS | RATE | AMOUNT | DESCRIPTION | |
| | | | 503.00 | | | | | | 11/25/08 |

No. 949536

TOTAL PAY

503.00

| DEDUCTIONS THIS PERIOD | | | | | | |
|---|---|---|---|---|---|---|
| FWH | 1.26 | MED | 7.29 | SOC | 31.18 | |

| | TOTAL DEDUCTIONS. |
|---|---|
| | 39.73 |

| YEAR.-TO - DATE TOTALS | | | |
|---|---|---|---|
| GROSS | 6271.00 | FICA | 479.73 | SDI | .00 |
| FWH | 38.90 | SWH | .00 | 401k | .00 |

**EMPLOYEE INFORMATION**
ISMAEL FERNANDO PASCUAL
XXX-XX-9367        N7809

NET PAY

463.27

PLEASE DETACH THIS PORTION AND RETAIN FOR YOUR RECORDS

*Walldesign Incorporated*

| HOURS | | RATE | EARNINGS | | | | OTHER PAY | | | 949238 |
|---|---|---|---|---|---|---|---|---|---|---|
| REGULAR | OVERTIME | | REGULAR | OVERTIME | BASIS | RATE | AMOUNT | DESCRIPTION | | PAY PERIOD |
| | | | 503.00 | | | | | | | 11/25/08 |

No. 949238

TOTAL PAY

503.00

| DEDUCTIONS THIS PERIOD | | | | | | |
|---|---|---|---|---|---|---|
| MED | 7.29 | SOC | 31.19 | | | |

| | | | |
|---|---|---|---|
| | | TOTAL DEDUCTIONS | 38.48 |

EMPLOYEE INFORMATION

FEDERICO JULIAN
XXX-XX-8375   N6432

| YEAR-TO-DATE TOTALS | | | | |
|---|---|---|---|---|
| GROSS | 12963.00 | FICA | 991.67 | SDI | .00 |
| FWH | | SWH | 1.40 | | .00 | 401k | .00 |

NET PAY

464.52

PLEASE DETACH THIS PORTION AND RETAIN FOR YOUR RECORDS

**EXHIBIT B**

1. Yo, Maria Guadalupe Uribe, soy una persona mayor de 18 años y estoy dando esta declaración voluntariamente.

2. Yo trabajaba para Walldesign.

3. Yo frecuentemente era pagada con cheques dirigidos a nombres de otras personas.

4. Por ejemplo, en la semana que acabó el 22 de Mayo, 2009, fui pagada con un cheque dirigido a Orlando Gutiérrez y con $120 en efectivo.

5. Yo tomé una foto de mi misma con el cheque y el dinero en efectivo.

6. Yo declaro bajo pena de perjurio bajo las leyes del Estado de Nevada y de los Estados Unidos que esta información es verdadera y correcta, basado en mi propio conocimiento.

Ejecutado en Las Vegas, NV, el _26_ de Agosto de 2009

_____
signature

1. I, Maria Guadalupe Uribe, am a person of more than 18 years of age and am giving this statement voluntarily.

2. I used to work at WallDesign.

3. I was often paid with checks issued in other people's names.

4. For example, for the week ending May 22, 2009, I was paid with a check made out to Orlando Gutierrez and with $120 in cash.

5. I took a picture of myself with the check and the cash.

6. I declare under penalty of perjury under the laws of the State of Nevada and of the United States of America that this information is true, based on my best knowledge.

Executed in Las Vegas, NV, on _26_ of August, 2009.

{signature}



**EXHIBIT C**

1. Yo, Miguel Torralba, soy una persona de más de 18 años y estoy dando esta declaración voluntariamente.

2. Yo trabajaba por la compañía WallDesign.

3. El año pasado tuve un accidente en en trabajo; estaba bajando de un esquefo y pisé sobre un clavo. El clavo cruzó la plantilla de mi bota y se encajó en mi pié. Eso ocurrió aproximadamente a las 12 del mediodía. Ya no podía trabajar, pero tuve que esperar que mi cuadrilla acabara de trabajar para poder llevarlos de vuelta.

4. Mi foreman llegó una media hora más tarde y le mostré mi pié. Él dijo que probablemente yo no llevaba las botas puestas. Le dije que viniera a mirar mi bota para que viera que estaba llena de sangre. Él dijo que no era para tanto y me dijo de golpear la herida con una tabla para sacar toda la sangre acumulada. Le pedí de llevarme al medico, pero él no quiso. Dijo que lo que yo tenía era menor, pero mi pié estaba muy hinchado y me dolía bastante.

5. Entonces mi supervisor me dijo que esta era la razón por la cual yo tenía trabajo con la compañía, porque otros trabajadores demandarían, y por eso ellos ya no tenían trabajo con la compañía.

6. Mi supervisor no me permitió solicitar seguro de compensación de obrero.

7. Visité una clínica varias veces para obtener inyecciones. Por un tiempo pareció posible que acabara perdiendo el pié.

8. Porque yo era encargado de cuadrilla, tuve que seguir llevando a mi cuadrilla al trabajo, pero no pude trabajar yo mismo por aproximadamente quince días. No fuí pagado por todo el tiempo que no fuí capaz de trabajar.

9. Yo declaro bajo pena de perjurio bajo las leyes del Estado de Nevada y de los Estados Unidos que lo que aquí declaro es verdad y correcto basado en mi propio conocimiento.

Ejecutado en Las Vegas, NV, el __2.5__ de Agosto de 2009.

*Miguel Torralba*
signature

1. I, Miguel Torralba, am a person of more than 18 years of age and am giving this statement voluntarily.

2. I used to work at WallDesign.

3. Last year I had an accident at work; I was coming down off a scaffold and I stepped on a nail. It went all the way through my boot and into my foot. This was at approximately twelve o'clock, noon. I couldn't work anymore but I had to wait for the crew to finish working so I could drive everyone.

4. My foreman arrived about a half hour later and I showed him my foot. He said that I probably had not been wearing boots. I told him to come look at my boot so he could see how it was filled with blood. He said it wasn't a big deal and told me to hit the wound with a board to release all the coagulated blood. I asked him to take me to the doctor, but he didn't want to. He said that what I had was minor, but my foot was very swollen and hurt quite a bit.

5.  Then my supervisor told me that this was the reason why I had work with the company, because other workers would sue and that's why they didn't have work with the company anymore.

6.  My supervisor didn't allow me to file for worker's compensation.

7.  I visited a clinic several times to get injections.  For a while it looked like I might lose my foot.

8.  Because I was the crew leader, I had to continue to drive my crew to work, but I was not able to perform any work myself for approximately fifteen days.  I was not paid for any of that time that I was not able to actually work.

Executed in Las Vegas, NV, on _2.5_ of August of 2009.

{signature}

*Miguel Toraibe*

# EXHIBIT "B"

1  **REMV**
   T. James Truman, Esq.
2  Nevada Bar No. 003620
   Stephen M. Dixon, Esq.
3  Nevada Bar No. 010025
   T. JAMES TRUMAN & ASSOCIATES
4  3654 North Rancho Drive
   Las Vegas, Nevada 89130
5  Telephone: (702) 256-0156
   Attorneys for Defendants Walldesign Incorporated,
6  Michael Bello, Colonial Properties Trust,
   Colonial Commercial Contracting, LLC, and
7  Colonial Properties Services

8                      **DISTRICT COURT**

9                  **CLARK COUNTY, NEVADA**

10  MIGUEL   TORRALBA,   ROSARIO       | **Case No.**   A-09-598359-C
    MARROQUIM, CESAR ROSAS , JUAN FARIAS,  | **Dept.**       XVI
11  OSCAR ROJAS RAMIREZ, ANGEL FARIAS,
    VICTOR URIBE, ISIDRO FLORES, JACOBO
12  MARQUEZ, RICARDO FLORES,   TEOFILO
    PEREZ, JOSE LUIS SANTIAGO MARTINEZ
13  FELIX PEREZ MANUEL, ROSA RODRIGUEZ,
    MARIA GUADALUPE URIBE, ROBERTO       **NOTICE OF REMOVAL OF ACTION**
14  CRUZ, ISRAEL CRUZ, MARCELO EPIFANIO ,  **TO   THE   UNITED   STATES**
    ORLANDO RAMIREZ, ESTEBAN MIRANDA,     **DISTRICT COURT DISTRICT OF**
15  MANUEL MUNOS, FRANCISCO VARGAS;        **NEVADA**
    LUIS VARGAS, ROBERTA BARBOSA,
16  MARTIN PEREZ, GREGORIO CAMPOS,
    RAMON  ENRIQUEZ,  ESTHER  PEREZ,
17  SERVANDO MORENO, and ELEASAR TREJO
    individually and on behalf of other persons similarly
18  situated,

19                 Plaintiffs,

20  vs.

21  WALLDESIGN, INC.; MICHAEL BELLO;
    PICERNE CONSTRUCTION CORP.; OVATION
22  DEVELOPMENT CORPORATION; COLONIAL
    PROPERTIES   TRUST;   COLONIAL
23  COMMERCIAL   CONTRACTING,   LLC;
    COLONIAL  PROPERTIES  SERVICES;
24  FAIRFIELD   DEVELOPMENT   LIMITED
    PARTNERSHIP; FANTASY CONSTRUCTION,
25  INC. and DOES 1-10 inclusive,

26                 Defendants.
    _____/
27

28  ///

LAW OFFICES
T. JAMES TRUMAN & ASSOCIATES
A PROFESSIONAL CORPORATION
3654 NORTH RANCHO DRIVE
LAS VEGAS, NEVADA 89128
www.trumanlegal.com

TO THE ABOVE-ENTITLED COURT, THE CLERK OF THE COURT, AND ALL PARTIES IN THE ABOVE-CAPTIONED ACTION:

PLEASE TAKE NOTICE that Defendants, WALLDESIGN INCORPORATED (incorrectly named as WALLDESIGN, INC.) ("Walldesign"), MICHAEL BELLO ("Bello"), COLONIAL PROPERTIES TRUST ("Colonial Properties"), COLONIAL COMMERCIAL CONTRACTING, LLC ("Colonial Commercial") and COLONIAL PROPERTIES SERVICES ("Colonial Services")(hereinafter collectively referred to as Walldesign Defendants") have filed a Petition for Removal from the Eighth Judicial District Court of Nevada to the United States District Court, For the District of Nevada pursuant to 28 USC §§ 1441(a), and 1332(a)(1). A true and correct copy of the Petition for Removal is attached hereto as **Exhibit "A"** and is incorporated herein by this reference. The original notice of removal may be located in the United States District Court's file.

Accordingly, the above-captioned civil action, including all claims and causes of action therein, is hereby removed from the Eighth Judicial District Court for the State of Nevada to the United States District Court in accordance with 28 USC § 1441, and the parties shall proceed no further in the State Court unless and until the above-captioned action or any portion thereof is remanded.

DATED this 23 day of September, 2009.

T. JAMES TRUMAN & ASSOCIATES

By:
T. JAMES TRUMAN, ESQ.
Nevada Bar No. 003620
STEPHEN M. DIXON, ESQ.
Nevada Bar No. 10025
3654 North Rancho Drive
Las Vegas, NV 89130
Attorneys for Defendants Walldesign Incorporated, Michael Bello, Colonial Properties Trust, Colonial Commercial Contracting, LLC, and Colonial Properties Services

LAW OFFICES
T. JAMES TRUMAN & ASSOCIATES
A PROFESSIONAL CORPORATION
3654 NORTH RANCHO DRIVE
LAS VEGAS, NEVADA 89128
www.trumanlegal.com

2

1

## CERTIFICATE OF MAILING

2      I hereby certify that I am an employee of T. JAMES TRUMAN & ASSOCIATES, A

3   PROFESSIONAL CORPORATION, and that on the $\underline{23^{rd}}$ day of September, 2009, I placed a true

4   and correct copy of **NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES**

5   **DISTRICT COURT DISTRICT OF NEVADA** in the United States mails at Las Vegas, Nevada,

6   with 1st class postage prepaid and addressed as follows:

7

8   Andrew J. Kahn, Esq.
    Mccracken, Stemerman & Holsberry
9   1630 S. Commerce Street, Suite A-1
    Las Vegas, Nevada 89102

10  Rachel Wilson, Esq.
    177 N. Church Ave., Suite 200
11  Tucson, AZ 85701

12

13  _____
14  An employee of T. James Truman & Associates

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
T. JAMES TRUMAN & ASSOCIATES
A PROFESSIONAL CORPORATION
3654 NORTH RANCHO DRIVE
LAS VEGAS, NEVADA 89128
www.trumanlegal.com